SCRIBNER, J.
This is a proceeding to enforce the large part of a sewer assessment. The case comes here by way of appeal,'and as to a large part of the.defendants, stands in default, no answer being filed. Demurrers were filed for many of the parties, which, upon hearing, were overruled, and thereupon several of the defendants filed answers.. The substance of these answers is that, while under the legislation providing for the improvement and construction of the sewer it was directed and provided that all property benefited by the improvement should be assessed for the costs and expenses of making it — that some property which was benefited as much as that which has been assessed, has not been assessed.
Upon looking into the case, the facts appear to be substantially these: that the legislation of the city oouncil in due form provided for the construction of a sewer between the alley leading west of Collingwood avenue and Lawrence avenue, the sewer running nearly east and west. This alley is located between Oakwood avenue on the north and Bartlett street on the south. The entire cost and expense of the sewer was assessed upon the lots lying between the alley where the sewer was constructed, and Bartlett street, and this really is the matter complained of. It appears, however, in the case, that the lots lying north of the alley and fronting on Oakwood avenue have already been assessed for a sewer constructed in Oakwood avenue and which provides drainage for those lots; and it further appears: that the lots lying south of Bartlett street have also been assessed to pay the costs and expense of a sewer constructed,to the south.of Bartlett street; so that all the property lying in the vicinity, excepting that which lies between the alley where the sewer is and Bartlett street — has been assessed to pay the costs and expenses of sewers previously constructed and there is no property in that neighborhood upon which the assessment can be made, the statute providing that no assessment can be made upon property that has already been provided with sewerage; no property remains but this and no question is made but what the property is benefited. The commissioners appointed to make the assessment, find that the property is benefited by the assessment, and that the amount of the assessment upon these lots does not exceed the two dollar limit, or any other limit prescribed by the statute, and therefore is not subject to any objection upon that soore, and we see no reason why the assessment is not valid or why it should not be enforced, and the decree will be for the plaintiff as prayed in his petition.
I suppose that the costs should be apportioned pro rata according to the frontage — not exactly the “frontage”, but according to the “rearage” of the sewer. We haven’t thought particularly about that matter. Perhaps the assessment of cost: should be in the proportions in which the assessment was made. Of course, the plaintiff is entitled to a decree for costs, *663 and they should be apportioned in the same proportion as the assessment was made. The matter of the costs was not called to our attention, and we did not give it any particular consideration. You may prepare your entry and submit it to the counsel upon the other side, and we will endeavor to adjust the matter for you.